IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BEVERLY-ANN JONES-YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:18-cv-3945 |
| v. | ) | |
| | ) | Hon. Charles R. Norgle |
| WELLS FARGO BANK, N.A., et al., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

This case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's *In Forma Pauperis* Application [4] is denied as moot.

### STATEMENT

*Pro se* Plaintiff Beverly-Ann Jones-Young ("Plaintiff") brings this action against Wells Fargo Bank, N.A. ("Wells Fargo"), James R. Shrewberry, Anselmo Lindberg & Associate LLC ("Anselmo"), Government National Mortgage Association, Mortgage Electronic Registration System, and Does 1 through 164 for a myriad of claims in relation to a mortgage loan. Before the Court is Plaintiff's application for leave to proceed *in forma pauperis*.

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen any complaint accompanied by a request to proceed *in forma pauperis* and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See Jones v. Bock, 549 U.S. 199, 214 (2007); Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). "Under Federal Rule of Civil Procedure 8, a complaint must allege facts that allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Walton v. Walker, 364 F. App'x 256, 258 (7th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009)). A complaint must consist of more than "naked assertions" devoid of "further factual enhancement." Ashcroft, 556 U.S. at 677 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). "When making the determination of plausibility, a court may rely upon judicial experience and common sense." Walton, 364 F. App'x at 258.

It appears Plaintiff here attempts to retaliate for a wrongful forfeiture action allegedly brought against her by Defendant Anselmo on behalf of Wells Fargo. Plaintiff begins her complaint by admitting that she has a conflict with the law and proceeds to ask the Court to "not be bound by legal rules," rather take into account what is "just and fair". Plaintiff states that she is the name holder of the State of Missouri Registered name Beverly Ann Young, which was a fictitious name, and in Minnesota Beverly Ann Young as an assumed name. Plaintiff alleges that Defendants stole her identity to begin money laundering to offshore tax havens and "pilfer"

Plaintiff's assets offshore until they can be repatriated to the United States. Plaintiff further alleges that the Mortgage Electronic Registration System ("MERS") is a criminal entity set-up to hide the securitization process and is a "complete and total fraud." Plaintiff also alleges that Defendant Anselmo is an unregistered foreign agent who lacks the capacity to engage with the court and thus perpetrated a fraud by initiating the prior foreclosure action against her. Plaintiff reasons that the title of Esquire "is a title of nobility, which is strictly forbidden by the Constitution" and thus, Defendant Anselmo's use of the title Esquire renders it a foreigner.

The Court determines that the complaint is both frivolous and malicious. The Court is unable to discern any foundation for any of the criminal allegations stemming from Plaintiff's convoluted complaint. Accordingly, Plaintiff's Complaint is be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Because there is no operative complaint before the Court, Plaintiff's motions to proceed *in forma pauperis* must be denied.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: June 22, 2018